UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHANDEN STANLEY,<br><br>Petitioner,<br><br>v.<br><br>MARION SPEARMAN,<br><br>Respondent. | Case No. 19-cv-06696-LB<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: ECF No. 1 |

## INTRODUCTION

Shanden Stanley, an inmate at the High Desert State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He consented to proceed before a magistrate judge. (ECF No. 4.)[1] His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondent to respond to the petition and requires Mr. Stanley to pay the filing fee or submit a completed *in forma pauperis* application to avoid dismissal.

---

[1] Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 19-cv-06696-LB

**STATEMENT**

The petition provides the following information: After a jury trial in Alameda County Superior Court, Mr. Stanley was convicted of attempted murder, mayhem, two counts of unlawful possession of a firearm, two counts of inflicting corporal injury on a partner, making a criminal threat, and kidnapping. He was sentenced on August 15, 2016, to 150 years to life in prison.

He appealed. The California Court of Appeal affirmed Mr. Stanley's conviction. Although the petition indicates that Mr. Stanley did not seek review in the California Supreme Court, the state court website shows that he did file a petition for review that was denied on July 11, 2018, *People v. Stanley*, Cal. S. Ct. Case. No. S249173. He then filed this action.

**ANALYSIS**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The federal petition for writ of habeas corpus alleges the following claims. First, Mr. Stanley alleges that the serious-felony sentence enhancements he received violated his right to due process because the "enhancements were not alleged nor found true." (ECF No. 1 at 6.) Second, Mr. Stanley contends that his trial counsel provided ineffective assistance of counsel by: (a) failing to object to an expert witness' testimony that another witness' identification of Mr. Stanley was "genuine"; (b) failing to pay to have the case investigated; (c) failing to call Aleah Lua and Kady Meyn to testify; (d) allowing the prosecutor to use Mr. Stanley's cell phone photos, text messages and other information without a search warrant; (e) failing to use Mr. Stanley's cell phone as a defense; (f) allowing the prosecutor to inform the jury of Mr. Stanley's criminal history; (g) failing to provide Mr. Stanley with an audio of the police interrogation that would have showed a *Miranda* violation; and (h) improperly trying to delay the trial. (*Id.* at 17.) Liberally construed, these claims are cognizable in a federal habeas action and warrant a response.

## CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall serve by mail a copy of this order and the petition upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. The clerk also shall serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon the respondent and the respondent's attorney, the Attorney General of the State of California.

4. The respondent must file and serve upon the petitioner, on or before **January 24, 2020,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petitioner.

5. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondent on or before **February 21, 2020.**

6. The petitioner is responsible for prosecuting this case. The petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. The petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the court for consideration in this case.

7. The petitioner must pay the $5.00 filing fee or submit a completed and signed application to proceed *in forma pauperis* on or before **December 27, 2019.** Failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED.**

Dated: November 21, 2019

_____
LAUREL BEELER
United States Magistrate Judge